JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SATTIEWHITE,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Warden, California State Prison at San Quentin,<br><br>    Respondent. | CASE NO. CV 22-127-JVS<br><br>**DEATH PENALTY CASE**<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

**I.   INTRODUCTION**

In January 2015, Petitioner Christopher Sattiewhite submitted a handwritten request for the appointment of counsel. In it, Petitioner complained that since the date on which his conviction and sentence were upheld on direct appeal in *People v. Sattiewhite*, 59 Cal. 4th 446 (2014), he had not been appointed state habeas counsel. This Court denied Petitioner's request for the appointment of counsel as presumptively premature because Petitioner had not exhausted his state court remedies. In October 2020, Petitioner sought to commence federal habeas corpus proceedings a second time by filing a *pro se* document entitled "Petition for Habeas Corpus Counsel" in which he complained that the State of California had excessively delayed the appointment of counsel to represent him in state habeas

proceedings. This Court dismissed the habeas corpus action without prejudice on grounds that the petition was unexhausted. On January 6, 2022, Petitioner initiated the present proceedings by filing essentially a duplicate of the document he filed in October 2020, again alleging an ongoing due process violation is occurring because he has not yet had state habeas counsel appointed.

## II. DISCUSSION

As this Court has repeatedly held in these matters, a federal court generally may not grant habeas relief to a person in state custody unless he or she has first exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state remedies, the petitioner "must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted).

Also relevant here, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[E]ven if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question."); *see also Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964) (applying the same principle to pending state post-conviction proceedings).

Case law does not support Petitioner's notion that lengthy delay in the state court process would justify this Court allowing the initiation of federal habeas corpus proceedings despite Petitioner's failure to meet the exhaustion requirement. *Cf. Hayes v. Ayers,* 632 F.3d 500, 523 (9th Cir. 2011) (denying Petitioner's claim that eleven year delay in filing state appellate brief amounted to a due process violation); *Blair v. Martel,* 645 F.3d 1151, 1158 (9th Cir. 2011) (finding the federal

court could not consider due process claim based on thirteen year appellate delay).

### III. CONCLUSION

Petitioner has presented an unexhausted petition to this Court, both because his claim was not fairly presented to the state's highest court, and because he still has state habeas petitions pending. *See* 28 U.S.C. §§ 2254(b)(1)(A), (c); *Baldwin*, 541 U.S. at 29; *Sherwood*, 716 F.2d at 634. Accordingly, the Court DISMISSES this habeas action WITHOUT PREJUDICE to Petitioner filing a federal habeas petition at the appropriate time after he has exhausted his available remedies in the state courts. *See Alfaro v. Johnson*, 862 F.3d 1176, 1180-83 (9th Cir. 2017) (holding petitioner was not excused from failing to exhaust claim alleging unconstitutional systemic delay in the administration of California's death penalty).

IT IS SO ORDERED

Dated: January 15, 2022

_____
JAMES V. SELNA
SENIOR UNITED STATES DISTRICT JUDGE